UNITED STATES DISTRICT COURT

For the

EASTERN        DISTRICT OF        MASSACHUSETTS

**09 CA 11886 JLT**

Robert Phillip Baker, Pro Se          CIVIL ACTION

    Plaintiff                    NO.

MAGISTRATE JUDGE _Dein_

Melissa Ann Stanley-Baker;

    Defendant

David Harold Stanley;

Mary Delores Stanley;

    Third Party Defendants

## PETITION FOR REMOVAL

### COMPLAINT

1.) The Petitioners desire to exercise their rights under the provisions of Title 28 U.S.C. & 1441, *et seq.*, and petition the court to remove an action for divorce in the Probate and Family Court Docket No. BR09DO177DR.

2.) The petitioner recognizes the exception to removal of divorce matters. However, the financial issue is settled prima facie, and the custody issue is

a moot point as both issues will be described through testimony, documents and the mental health diagnosis of the defendant Melissa Ann Stanley-Baker.

3.) Further the petitioner has filed 37 motions and pleadings in this action and not a single filings received any response from the court which is proscribed by the Rules of Civil Procedure, Domestic Relations Procedure and Federal Rules of Civil all promulgated by statute and the petitioners constitutional rights pursuant to his access to the courts; his liberty rights, and his right to free speech; his constitutional right to defend himself and adjudicate on his own behalf; his constitutional rights to due process and equal protection of the laws.

4.) The petitioner discovered by accident on October 8, 2009 that not a single motion or pleading he filed was docketed, and they were all destroyed.

5.) The petitioner discovered on October 9, 2009 that the docket had also been "doctored".

6.) For all intents and purposes this divorce action is a nullity, and the petitioner is preparing a lawsuit in this court, not simply because a judge cannot change a statute, but the petitioner will be referring the judge to the United States Attorney for criminal prosecution.

**Parties**

7.) The plaintiff, Robert Phillip Baker, is a resident of Taunton, Bristol County, 59 Ingell Street, Taunton, Ma. 02780 Massachusetts and a citizen of the United States.

8.) The third party defendant, David Harold Stanley, is a resident of Lincoln County, 145 N. Isaac Way, Stanford, Ky. 40484 and he is a resident of the United States.

9.) The third party defendant, Mary Delores Stanley, is a resident of Lincoln County, 145 N. Isaac Way, Stanford, Ky 40484 and she is a citizen of the United States.

10.) Melissa Ann Stanley-Baker resides in Pasco County at 4455 Ashton Meadows Way, Wesley Chapel, FL. 33543.

## Jurisdiction

4.) This court has jurisdiction over this matter pursuant to 28 U.S.C. & 1332; 28 U.S.C. 1441 *et. seq*; 28 U.S.C. & 1331; 28 U.S.C. & 1738;

28 U.S.C. & 1367 exercising ancillary and/or supplemental jurisdiction to adopt the following:

a.) Uniform Fraudulent Tranfers Act (UFTA) as federal common law especially when done in anticipation of a divorce, and across state lines (Massachusetts to Florida and Kentucky and also in violation of the Commonwealth of Massachusetts equivalent Uniform Fraudulent Conveyance Act, and the

Commonwealth of Massachusetts Rules of Domestic Relations Procedure absent any motion or order issued from the Probate and Family court.

b.) 18 U.S.C. & 228

c.) 28 U.S.C. & 1443

d.) 28 U.S.C. & 2283.

## Facts

5.) On or around January 27, 2009 the defendants disappeared and absconded discovered at a later time to a factious address in Florida with the three minor children of this marriage in direct violation of 28 U.S.C. & 1738. The Parental Kidnapping Prevention Act.

6.) On or around January 27, 2009 the defendants disappeared and absconded discovered at a later time to a factious address in Florida with the three minor children of this marriage in violation of the Commonwealth of Massachusetts Domestic Relations Procedure Chapter 208: Section 30.

7.) On or around January 27, 2009 the defendants absconded with one of the marital vehicles (wholesale value $18,000.00) in violation of UFTA and the Commonwealth of Massachusetts Uniform Fraudulent Conveyance Act and the Commonwealth of Massachusetts Domestic Relation Procedure Rule regarding the procedures in divorce of the division of marital property.

8.) The aforementioned vehicle contained approximately $15,000.00 of marital property.

9.) The aforementioned contents of the vehicle were also in violation of the identical of the statutes and rules of court as described in number (7.) above.

10.) The defendants are also involved in fraud regarding the Social Security Administration regarding the defendants SSI payments.

11.) The defendants have also committed to separate frauds against the Federal Emergency Management Agency.

12.) The defendants have also committed fraud against Sallie Mae.

13.) The defendants have also committed fraud against the Heritage Foundation.

14.) The defendants have also committed fraud against the United States Department of Education.

15.) The defendants have also committed fraud against the Internal Revenue Service.

16.) The defendants have also committed fraud against the respective Public Assistance agency's of Florida, Kentucky and Massachusetts which all receive federal funds.

17.) On or around February 9, 2009 the defendants secretly removed the second martial vehicle to Florida. This vehicle has a blue book value of $4,800.00.

18.)  The contents in the second vehicle have a replacement value of approximately $11,000.00.

19.)  The petitioner discovered at trial only by accident that the defendant Melissa Stanley-Baker had by her own testimony fraudulently conveyed all the marital property to her father, David Stanley, and that he testified and admitted that he had sold over forty years of accumulated property that once filled two separate 6,000 square foot houses.

20.)  The petitioner can only guess at the value to be approximately $750,000.00.

21.)  The court took no action against the defendants.

22.)  The taking of the vehicles were revealed to the court also on the day of trial by accident for which the court awarded the petitioner a meager $1,000.00.

23.)  The defendant, Melissa Stanley-Baker and her adulterous lover, Burton Grossman of Radnor, Pa. disappeared with my children on or around January 27, 2009, have been allowed to move to Florida contrary to the law of not just Massachusetts, but similar legislation in all fifty states.

24.)  The petitioner has been prohibited from any contact whatsoever with his children since they were kidnapped on January 25, 2009. and is seeking damages for loss of filial consortium.

25.) As a result of the psychiatric diagnosis of Melissa Baker to be revealed by exhibit the petitioner was the sole care provider of the children, and the sole care provider of the defendant Melissa Baker.

26.) The petitioner respectfully prays this court issues its order for the payment for the above losses, but many more causes of action as will be revealed, and for approximately $100,000.00 in marital debts incurred and left by the defendants.

27.) The defendants David and Mary Stanley have several million dollars and are capable of righting their wrong financially, what has happened to my kids, the potential for psychic damage is tantamount to genocide.

The defendants will either be in prison, or committed to a psychiatric facility, and the psychiatric diagnosis of the plaintiff Melissa Baker is to such a degree and of such a nature that there exists no statute, case law, or any authority that would allow her even supervised visitation.

This will not be the first time Melissa Baker has lost all parental rights.

The petitioners custody of his three babies is prima facie, correct for the well-being of the children and the petitioner respectfully prays this court issue its order for custody, if the Department of Children and Families doesn't do it sooner.

Perhaps there would be a need for a single hearing.

The divorce Nisi is final on November 3, 2009 after which the petitioner would need to move to Florida, and litigate in Florida for even visitation rights.

The petitioner respectfully prays the court issue an injunction staying the divorce Nisi, or in the alternative set-aside the interlocutory judgment as it stands prior to that date.

The petitioner also wishes the court refer the Probate and Family judge, Anthony Nesi, to the U.S. Attorneys office for investigation.

Considering the destruction of the petitioner's filings, and the altered docket the petitioner respectfully issue its order to search, seize and impound all records regarding this action from the defendants attorney (also to be named in a lawsuit in this court) Val C. Rebeiro at the New Center for Legal Advocacy, 257 Union Street, New Bedford, Ma.

The petitioner respectfully prays this court issue its order to search, seize and impound all the records of this matter from the three defendants in this matter.

This matter will have the same parties, and the same issues, as another matter the petitioner will be requesting for removal, along with original proceedings against the defendants attorney, the Probate and Family judge, and the Judge from the other aforementioned matter.

The defendant's actions have rendered the petitioner homeless., penniless, and unable to seek employment without a motor vehicle.

The petitioner is wearing the same one set of clothes since July, 24, 2009.

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE RULE 11.

   A.) THE PETITIONER IS ACTING PRO SE, HIS ADDRESS IS 59 INGELL STREET, TAUNTON, MA 02780. HIS PHONE NUMBER IS 508-840-3329

   B.) EACH AND EVERY REPRESENTATION MADE IN THIS ACTION, AND EVERY ONE OF THE RELATED ACTIONS, IS TO THE BEST OF THE PETITIONER'S KNOWLEDGE, INFORMATION AND BELIEF FORMED AFTER MORE THAN REASONABLE INQUIRY, AND IS NOT IMPROPER IN PURPOSE, MADE FOR THE PURPOSE OF HARASSMENT, DELAY AND WILL DECREASE THE COST OF LITIGATION.

   C.) THE PETITIONER'S CLAIMS AND LEGAL CONTENTIONS ARE WARRANTED BY EXISTING LAW, NOR IS THERE FRIVOLOUS ARGUMENT FOR EXTENDING, MODIFYING OR REVERSING EXISTING LAW OR ESTABLISHING NEW LAW.

   D.) ALL THE FACTUAL CONTENTIONS HAVE EVIDENTIARY SUPPORT TO THE BEST OF THE PETITIONER'S KNOWLEDGE AND MADE AFTER EXTENSIVE AND LENGTHILY INVESTIGATION.

THE ABOVE COMPLAINT AND PETITION, AND ALL THE OTHER RELATED COMPLAINTS AND PETITIONERS FOR REMOVAL, AND THOSE RELATED ORIGINAL ACTIONS FILED IN THIS COURT WILL BE DELIVERED TO EACH PARTY OR THEIR ATTORNEY, IF KNOWN, AS PROSCRIBED AND DEFINED BY THE FEDERAL RULES OF CIVIL PROCEDURE AND LOCAL RULES AS

The petitioner swears upon the penalties of perjury that all the foregoing is true and accurate and known first-hand.

The defendants have to date refused service sent via registered return mail, and have adamantly refused to return for any reason whatsoever considering the potential dangers if they are cross-examined, or deposed, the petitioner has serious doubts that anything less than service by a U.S. Martial would cause them to return.

The petitioner respectfully demands judgment against the defendants for the total of the amount of damages above (the petitioner will be submitting a list and value of the properties sold to the best of his ability) and whatever other relief the court deems just.

Signed this 23rd day of October, 2009 by,

*Robert Phillip Baker, Pro Se*

Robert Phillip Baker

59 Ingell Street

Taunton, Ma 02780

508-840-3329

The petitioner swears upon the penalties of perjury that all the foregoing is true and accurate and known first-hand.

The defendants have to date refused service sent via registered return mail, and have adamantly refused to return for any reason whatsoever considering the potential dangers if they are cross-examined, or deposed, the petitioner has serious doubts that anything less than service by a U.S. Martial would cause them to return.

The petitioner respectfully demands judgment against the defendants for the total of the amount of damages above (the petitioner will be submitting a list and value of the properties sold to the best of his ability) and whatever other relief the court deems just.

Signed this 23th day of October, 2009 by,

*Robert Phillip Baker, Pro Se*

Robert Phillip Baker

59 Ingell Street

Taunton, Ma 02780

508-840-3329